UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PEGGY AND JOHN LITZ, h/w ) <br> ) <br> **Plaintiff** ) <br> ) <br> vs. ) <br> ) <br> NATIONAL ACTION FINANCIAL ) <br> SERVICES, INC. AND ) <br> CALVARY PORTFOLIO SERVICES, ) <br> LLC ) <br> ) <br> **Defendant** ) | Case Number <br><br><br> CIVIL COMPLAINT <br><br><br> JURY TRIAL DEMANDED |

### COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Peggy and John Litz h/w, by and through their undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1. Plaintiff, Peggy and John Litz, h/w, are adult natural persons and bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.   JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendants transact business here and Defendant has an address in this District.

### III.   PARTIES

4. Plaintiffs, Peggy and John Litz, h/w ("Plaintiff") are adult natural persons residing at 9135 Norfolk, VA 23503.  At all times material and relevant hereto, Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, National Action Financial Services, Inc. ("Defendant, NAFS"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Virginia and the Commonwealth of Pennsylvania with a Pennsylvania address of 116 Pine Street, Suite 320, Harrisburg, PA 17101.

6. Defendant, Calvary Portfolio Services, LLC ("Defendant, Calvary"), at all times relevant hereto, is and was a limited liability corporation engaged in the business of collecting debt within the State of Virginia and the State of New York with its principal place of business located at 7 Skyline Drive, Hawthorne, NY 10532.

7. Defendants are engaged in the collection of debts from consumers using the mail and telephone.  Defendants regularly attempt to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.   FACTUAL ALLEGATIONS

8. In or around June 2010, the Plaintiffs began receiving phone calls from the Defendant, NAFS.

9. At the time the calls began, the Plaintiffs were unavailable to answer the phone calls therefore; the Defendant, NAFS would leave messages on the Plaintiffs' answering machine. The messages left by the Defendant, NAFAS stated that the Defendant was calling in regard to an alleged debt but failed to leave a contact number for the Plaintiffs to return the call.

10. Eventually, after weeks of receiving phone messages from the Defendant, NAFS the Defendant started leaving a phone number in which the Plaintiff, Peggy was then able to return the Defendant's call and find out information regarding the alleged debt.

11. The Plaintiff, Peggy contacted the Defendant, NAFS and spoke with an agent of the Defendant named, "Marshall Maxwell," who stated that the Defendant, NAFS was calling in regard to an alleged debt owed for a Navy FCU checking account from 2001 by the Plaintiff, Peggy.

12. The Plaintiff, Peggy requested that the Defendant, NAFS send verification of the alleged debt through the mail which the Defendant's agent, "Marshall Maxwell" agreed to do.

13. After speaking with the Defendant, NAFS the Plaintiff, Peggy, knowing that that she had never had an account with Navy FCU, contacted the original creditor to find out if there were any records of the Plaintiff, Peggy having an account.

14. The representative from Navy FCU conducted a search on the Plaintiff, Peggy and found that there were no accounts attached to the Plaintiff, Peggy's name. The Navy FCU representative also told the Plaintiff, Peggy that Navy FCU does not send such

accounts to collectors, especially not checking accounts and suggested that the Plaintiff, Peggy contact Navy FCU upon receiving the verification letter from the Defendant, NAFS.

15. On or about August 25, 2010, the Plaintiff, Peggy received the Defendants' letter and immediately sent a copy to Navy FCU.  **See Exhibit "A" attached hereto.**

16. The Plaintiff, Peggy contacted the representative from Navy FCU who confirmed that there was no record for an account belonging to the Plaintiff, Peggy and that the account number given in the Defendants' letter does not even correspond with the account numbers used by Navy FCU.

17. The Plaintiff, Peggy asked the Navy FCU representative if their company can contact the Defendant, NAFS but the representative informed the Plaintiff, Peggy that Navy FCU is unable to do so due to the fact that Navy FCU has no affiliation with the Defendant, NAFS.

18. During the next conversation that the Plaintiff, Peggy had with the Defendant, NAFS the Plaintiff, Peggy explained the situation that the account does not belong to the Plaintiff, Peggy and to stop calling.

19. The Defendant, NAFS told the Plaintiff, Peggy that Navy FCU had to verify the information that they told the Plaintiff, Peggy.  The Plaintiff, Peggy explained that Navy FCU would not provide that information and to stop calling since the Plaintiff, Peggy is not who the Defendants are looking for.

20. The Defendant, NAFS continued to contact the Plaintiff, Peggy even after being told the aforementioned information.

21.     The Defendant, NAFS contacted the Plaintiff, Peggy again but this time the Plaintiff, John answered the phone call.  The Plaintiff, John asked the Defendant, NAFS why the Defendant was continuing to call after being told the account does not belong to the Plaintiffs and again requested the Defendant, NAFS to stop calling.

22.     The Defendant, NAFS's agent responded to the Plaintiff, John by telling him that that the Defendant, NAFS was calling to set up a settlement offer.  The Plaintiff, John told the Defendant that there will be no arrangement to pay since the Plaintiffs owe nothing.

23.     The Defendant, NAFS still refused to stop calling and during one of the following calls, the Plaintiff, Peggy asked the agent, "What can I do to make you get the point that it is not my debt and to stop trying to collect?"

24.     The Defendant, NAFS's agent was very rude and responded to the Plaintiff, Peggy's question by threatening to contact the Plaintiff, Peggy everyday starting at 8:00am until the Plaintiff, Peggy paid and the matter was taken care of.

25.     The Defendant, NAFS's agent then told the Plaintiff, Peggy that it was the Plaintiff, John who had contacted the Defendant, NAFS to set up a settlement plan when in fact, the Defendant's agent contacted the Plaintiff, John to do the same.

26.     The Defendant, NAFS's agent would not let the Plaintiff, Peggy speak in order for the Plaintiff, Peggy to explain the situation and continued to talk over the Plaintiff, Peggy.

27.     The Plaintiff, John previously had an account with Navy FCU but filed Chapter 13 bankruptcy in 2000.  The bankruptcy was discharged and the Plaintiff, John

was released from bankruptcy in 2002 due to paying it off early. The Navy FCU account was closed and the Plaintiff, Peggy's name was never on the account.

28. The Plaintiffs believe that the Defendant, Calvary purchased the account from Navy FCU and has retained the Defendant, NAFS to attempt to collect on a debt that has been discharged in bankruptcy and is no longer a valid debt.

29. The Defendant, Calvary is attempting to collect an amount that is not authorized by any agreement, creating the alleged debt or that is permitted by law after being discharged in bankruptcy filed by the Plaintiff, John.

30. On or around October 13, 2010, the Defendants sent another letter to the Plaintiff, Peggy regarding the alleged debt. **See Exhibit "B" attached hereto.**

31. The Defendant, NAFS continues to call the Plaintiff, Peggy on a daily basis.

32. The Defendants acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiffs to pay the debt.

33. The Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

34. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendants herein.

35. At all times pertinent hereto, the conduct of Defendants as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

36. As a result of Defendants' conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiffs' reputation, invasion of privacy, damage to Plaintiffs' credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

37. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

38. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

39. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I – FDCPA

40. The above paragraphs are hereby incorporated herein by reference.

41. At all times relevant hereto, Defendants were attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

42. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | | |
|---|---|---|
| §§ 1692c(a)(1): | | At any unusual time, unusual place, or unusual time and place known to be inconvenient to the consumer |
| §§ 1692c(b): | | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| §§ 1692d: | | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(2): | | Character, amount, or legal status of the alleged debt |
| §§ 1692e(10): | | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692f(1): | | Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law |

**WHEREFORE**, Plaintiffs respectfully request that this court enter judgment in their favor and against Defendants, Nation Action Financial Systems, Inc. and Calvary Portfolio Services, LLC and Order the following relief:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

        **Respectfully submitted,**
        **WARREN & VULLINGS, LLP**

**Date:   November 12, 2010**

        **BY: /s/ Brent F. Vullings**

        Brent F. Vullings, Esquire
        Warren & Vullings, LLP
        1603 Rhawn Street
        Philadelphia, PA  19111
        215-745-9800   Fax 215-745-7880
        Attorney for Plaintiff